# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF PENNSYLVANIA

**IN THE MATTER OF PAUL GEORGE**               **NO. 2:22-MC-50**

## RESPONDENT'S RESPONSE TO DISCIPLINARY COUNSEL'S REPLY

Respondent Paul George submits this Response to the Disciplinary Counsel's Reply to Objections to the Panel's Report and Recommendation to address several issues before the Court.

### 1. Burden of Proof

The Supreme Court of Pennsylvania and the Court of Appeals for the Third Circuit have, in recent rulings, stated clear standards regarding the burdens of proof in disciplinary hearings under the Code of Professional Conduct. In *Office of Disciplinary Counsel v. Anonymous Attorney*, 331 A.3d 523, 534-538 (Pa. 2025), the Court ruled that Disciplinary Counsel had to prove its charges by clear and convincing evidence, stating that case against the attorney must be "strongly persuasive [as to lead] to but one conclusion." The clear and convincing standard requires evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, the truth of the precise facts [in] issue." *Rohm and Haas*

*Co. v. Continental Cas. Co.*, 781 A.2d 1172, 1179 (Pa. 2001). Disciplinary Counsel ignores this case, Reply, at 2, n.2, and, in asserting that "whatever standard" was applied, Reply, at 2, implicitly concedes that the Panel, which did not address this issue also failed to apply the controlling standard.

In *Greenberg v. Lehocky*, 81 F.4th 376, 385-386 (3d Cir. 2024), the Court ruled that disciplinary findings and sanctions could only be imposed if the attorney knowingly or intentionally deceived or misled the Court, citing Rule 1.0(f) defining knowingly as conduct that "denotes actual knowledge of the fact in question." Disciplinary Counsel fails to follow this settled precedent and argues that "recklessness" was a sufficient predicate for the Panel's finding of a violation of the Rules. Reply at 5. Based on this fundamental legal error, as argued in the Objections, at 10-11, the R&R findings and sanction of disbarment should be vacated.

## 1. There is a Lack of Evidence on a Clear and Convincing Standard of a Violation of Rule 3.1

Rule 3.1 prohibits the submission to the Court of a "frivolous claim." Disciplinary Counsel does not dispute the fact that Respondent's concession of relief based on ineffectiveness of counsel was not frivolous given that the District Court granted a certificate of appealability on that issue. Objections,

2

at 11-12. Rather, Disciplinary Counsel argues that Respondent "falsely asserted" that the Court need not proceed with an "independent de novo hearing." Reply, at 1, n.1. However, neither the concession of relief, the proposed Order for relief, nor the brief filed in response to the Court's questions made any assertion that the Court should not engage in an independent review of the legal issues. More specifically, in response to the DAO concession and proposed order, the Court posed the following questions to the DAO:

"May a Court Grant Habeas Relief Based Only on the District Attorney's Concession, or Must it Independently Evaluate the Merits of the Conceded Claim?" and "Can an Independent Evaluation of the Merits of the Remaining Sentencing Claim Be Made on the Current Record?" ECF 160. at 7, 12.

The DAO's brief in response stated that if the Court was satisfied that its own review of "the parties' submissions and all prior proceedings in this matter" justified relief, it could enter the relief sought by Wharton. ECF 162, at 5. The brief further stated that the Court was under no obligation to sign the Order, and that it could hold a hearing to further develop the record. These filings were consistent with the ruling in *Commonwealth v. Brown*, 196 A.3d 130 (Pa. 2018), which held that a Commonwealth concession must state the legal grounds for the concession and that the

3

Court had an obligation to make an independent review of the record before accepting the concession. *Brown* also stated that the court could, but it was not required to hold a hearing in making its independent determination.

### 2. There was a Lack of Evidence on a Clear and Convincing Standard that Respondent Violated Rule 3.1(a)(1)

Respondent George has conceded that he was negligent in not searching for evidence of a prior conviction of Wharton that would have been admissible as anti-mitigation evidence. The Third Circuit ruled that this negligence, albeit by a "dedicated public servant," was sufficient to support a finding of violation of Rule 11. *Wharton v. Superintendent, Graterford*, 95 F.4th 140, 151 (3d Cir. 2024). However, under the culpability standards of the Rules of Professional Conduct, negligence does not provide a basis for the finding of a violation. *See, Greenberg v. Lehocky,* 81 F.4th 386, 385-386 ("it is professional misconduct to "knowingly engage" in prohibited conduct);  Pa. R. Pro. Conduct 1.0(f) (" 'Knowingly' ... denotes actual knowledge of the fact in question."); *Black's Law Dictionary* (11th ed. 2019) (defining acting "knowingly" as acting "deliberately" or "with the knowledge that the social harm that the law was designed to prevent was practically certain to result").

4

Disciplinary Counsel, in arguing that the culpability standard for finding an ethical violation is "recklessness," Reply, at 5, ignores *Greenberg* and the Rules of Professional Conduct and, in so doing, applies the wrong burden of proof. In any event, on this record, there is no showing that Respondent knowingly or even recklessly made a false statement to the Court to deceive or mislead the tribunal. Respondent was under a duty to "take account of the anti-mitigation evidence the Commonwealth *would have presented* to rebut the petitioner's mitigation evidence." *Wharton,* 722 F. App'x at 282-283 (emphasis added). As detailed in the Objections, at 15-16, Respondent reviewed the lengthy death penalty hearing, and he did not further search Wharton's criminal record because the death penalty prosecutor did not use that evidence even though it would establish a statutory aggravating factor and rebut evidence of Wharton's good character.

Disciplinary Counsel's assertion that the "zealous" death penalty prosecutor's failure to use this evidence cannot excuse Respondent's lack of zealousness in not searching for the evidence, Reply, at 7, misses the mark. Not only did the death penalty prosecutor not present the escape attempt evidence, but in defending the death penalty over the 30 years of post-conviction and habeas litigation, the DAO never invoked the escape attempt.

Moreover, Respondent had good reason to believe that defense lawyers in death penalty cases in Philadelphia were ineffective in penalty phase proceedings due to system-wide gross deficiencies in fees for appointed counsel and in their lack of experience and training on the death penalty phase issues. Objections at 23-25.  On this point, Justices on the Supreme Court of Pennsylvania voiced the same concerns, and the reversal rate on ineffectiveness of counsel grounds was virtually identical for the pre-Krasner and Krasner DAO. *Id.*, at 22-23.

### 3. The Panel's Finding that the DAO had a Policy and Practice of Conceding Death Penalty Relief in Every Habeas and Post-Conviction Challenge to Death Penalty Was Erroneous

As argued, Objections, at 19-22, the Panel's assertion *before* the hearing and its finding in the R&R that DAO had a policy and practice of never opposing claims for death penalty relief in post-conviction and habeas proceedings were clearly erroneous.  The record in this case includes multiple instances of DAO/Respondent opposition to death penalty claims. *Id*. Tellingly, Disciplinary Counsel makes no effort to show that the cited cases of non-concession to death penalty challenges were not accurate.

In the same vein, neither Disciplinary Counsel nor the Panel presents any evidence to support their pre-hearing assertions that there was a pattern of

misconduct in death penalty concessions. The Panel stated its intent to conduct a comprehensive investigation of Respondent's concession record, Conflict Hearing, at 23-24, but it is apparent that the investigation produced **no evidence** of any misleading concessions that were made by Respondent (or the Krasner DAO) in death penalty matters. Indeed, neither Disciplinary Counsel nor the Panel referenced any case in which Respondent's concessions to death penalty relief were without justification or where judges of this Court who ordered relief were misled by the concessions.

Nor does Disciplinary Counsel defend the Panel's assertion that the DAO open-file policy, a practice that has been praised on a national level as a means of ensuring compliance with *Brady v. Maryland*, and which has led to exonerations of wrongfully convicted defendants, was simply a "blueprint" for defense lawyers to challenge death penalties. *See* Objections, at 29-31.

### 4. The Sanction of Disbarment

Disciplinary Counsel makes no reply to our arguments, Objections at 32-34, that the order for disbarment, a sanction that the Pennsylvania Supreme Court has stated is appropriate only in the "most egregious cases," *Office of Disciplinary Counsel v. Keller*, 506 A.2d 872, 879 (Pa. 1986), was proper,

7

stating that the issue of sanctions was "outside the scope of Disciplinary Counsel's assignment." Reply, at 8. In any event, the sanction was wholly disproportionate to whatever misconduct, if any, was proven. Respondent has over his 48 years of legal practice earned an excellent reputation for fair dealing, honesty, and a strong commitment to principles of fairness in the criminal justice system. At a minimum, this Court should vacate that sanction and impose discipline that is proportionate to whatever violations are found.

## 5. Suggested Recusal of Panel Members from the District Court Review of the Objections

Respondent suggested that the Panel members should not participate in the full Court's review of the Objections on the grounds that a judge should not hear an appeal from a proceeding at which that judge sat as a fact finder. Objections, at 34. Disciplinary counsel does not respond to the legal authority presented in support of that request, again asserting that the matter is beyond his assignment. Be that as it may, as the full Court must review and assess the factual findings and legal conclusions of the Panel, its members should not be the judges of their own rulings.

8

## 6. Amendment of the Objections

Respondent respectfully requests that the Court accept the following amendment/correction to the Objections.

The Objections, at 7, state that "Mr. George and Ms. Winkelman filed a Notice of Concession [ECF 155] and filed a joint proposed order for relief [ECF 156]. The record shows that on February 6, 2019, the DAO filed a Notice of Concession, signed by Max Kaufman, as authorized by Respondent George and District Attorney Larry Krasner. ECF No. 155. On February 8, 2019, these signatories filed a joint proposed order for relief based "upon a careful and independent review of all of the parties' submissions and all prior proceedings in this matter . . . ." ECF No. 156. On April 3, 2019, Respondents Paul George and Nancy Winkelman (and ADA Kaufman) submitted a brief in response to the Court's Order of March 4, 2019.

Respectfully submitted,

s/David Rudovsky
drudovsky@krlawphila.com
Kairys, Rudovsky, Messing, Feinberg & Lin, LLP
Counsel for Respondent